NOT RECOMMENDED FOR FULL-TEXT PUBLICATION
File Name: 13a0957n.06

No. 12-6268

## UNITED STATES COURT OF APPEALS
## FOR THE SIXTH CIRCUIT

| | | |
|---|---|---|
| GARY CHAPMAN, | ) | |
| | ) | |
| Plaintiff-Appellant, | ) | **FILED** |
| | ) | Nov 06, 2013 |
| v. | ) | DEBORAH S. HUNT, Clerk |
| | ) | |
| BANK OF AMERICA, et al. | ) | ON APPEAL FROM THE UNITED |
| | ) | STATES DISTRICT COURT FOR THE |
| Defendants-Appellees. | ) | MIDDLE DISTRICT OF TENNESSEE |
| | ) | |

Before:  MERRITT, GIBBONS, and McKEAGUE, Circuit Judges.

**JULIA SMITH GIBBONS, Circuit Judge.**  Gary Chapman appeals the district court's grant of summary judgment for the defendants, Bank of New York Mellon ("BNY Mellon") and Bank of America (collectively, "the Banks").  For the reasons set forth below, we affirm.

On August 26, 2005, Chapman took out a $2.4 million mortgage on a property in Davidson County, Tennessee.  The Note was executed in favor of America's Wholesale Lender ("AWL"), which was the name Countrywide Home Loans, Inc. ("Countrywide") did business as in Tennessee. The Note was secured by a Deed of Trust on real property that is Chapman's primary residence. While the mortgage industry was hyperventilating before the recent financial crisis, Chapman's mortgage was assigned to BNY Mellon, who is the trustee for the securitized mortgage trust of which Chapman's mortgage became a part, and Bank of America began to service the loan for BNY Mellon.  According to the Banks, Chapman has not made any payments on his mortgage loan since October 2008.

Chapman—because he could not keep up with his mortgage payments or because he was simply wary of paying Bank of America as it was not his original lender—filed an action on February 14, 2011, in the Circuit Court for Davidson County, Tennessee, seeking declaratory relief that Bank of America and Green Hills Financial LLC ("Green Hills"), a Tennessee bank, had no legal or equitable interest in either the Note or Deed of Trust. In his complaint, Chapman also sought relief for unjust enrichment and for violations of the Tennessee Consumer Protection Act, Tenn. Code. Ann. § 47-18-101.

Bank of America removed to the United States District Court for the Middle District of Tennessee based on diversity jurisdiction and the fraudulent joinder of the non-diverse defendant, Green Hills. The district court determined that Green Hills is not a real party in interest and concluded it had diversity jurisdiction pursuant to 28 U.S.C. § 1332(a). During discovery, Bank of America informed Chapman that BNY Mellon is the owner and holder of the Note and Deed of Trust and that Bank of America is Chapman's loan servicer and, as such, is entitled to collect payments on behalf of BNY Mellon. Chapman then filed an Amended Complaint against both Bank of America and BNY Mellon, seeking declaratory relief that neither bank has any legal or equitable interest in the Note or Deed of Trust. Chapman also amended his claims for unjust enrichment and violation of the Tennessee Consumer Protection Act to run against both banks.

Bank of America and BNY Mellon moved for summary judgment as to all claims asserted by Chapman. To satisfy their initial burden of production, the Banks introduced the sworn affidavit of Lorena Diaz, Assistant Vice President, Operations Team Lead of Bank of America; a copy of the Note; a copy of the Deed of Trust; a copy of the Tennessee Secretary of State's Filing Information for Countrywide; and a copy of the Assignment of the Deed of Trust to BNY Mellon. Diaz attests

that Chapman executed a note in the original principal amount of $2,400,000 in favor of Countrywide doing business as AWL. According to the Tennessee Secretary of State's filing information for Countrywide, Countrywide did business in Tennessee as AWL from at least February 2, 2008, with an expiry date of February 2, 2013. Diaz further avers that, on or before March 17, 2006, the Note was endorsed in blank by Countrywide and was then negotiated by transfer of possession to BNY Mellon on March 17, 2006. Diaz explains that the transfer of the Note automatically carried with it the assignment of the Deed of Trust to BNY Mellon. According to Diaz, no other assignment of these instruments has been made, BNY Mellon still has physical possession of the Note, and, therefore, BNY Mellon is the current owner and holder of the both the Note and the Deed of Trust. The Assignment of the Deed of Trust supports Diaz's allegations. The Assignment of the Deed of Trust shows that the original lender was AWL; the original borrowers were Gary Chapman and Jennifer L. Chapman; the deed was recorded in Davidson County, Tennessee on August 31, 2005; and the deed was conveyed to BNY Mellon as trustee for the certificate holders of CWMBS, Inc., CHL Mortgage Pass-Through Trust 2006-TMI Mortgage Pass-Through Certificates, Series 2006-TMI.

Diaz also explains Bank of America's role in Chapman's loan. The original loan servicer for Chapman's loan was Countrywide Home Loans Servicing, LP ("CHL"), which later changed its name to BAC Home Loans Servicing, LP ("BAC"). On July 1, 2011, BAC merged with and into Bank of America. Diaz attests that, as a result of this merger, Bank of America became the loan servicer for Chapman's loan. As such, Bank of America is entitled to receive loan payments on behalf of BNY Mellon.

In spite of Diaz's affidavit and supporting exhibits, Chapman contends that the Banks never met their initial burden to produce affirmative evidence showing there is no genuine dispute. Chapman argued before the district court and continues to argue that the affidavit is infirm, including the statements concerning AWL, CHL, and BNY Mellon, because it is not based on personal knowledge as required by Federal Rule of Civil Procedure 56(c)(4). Chapman stresses that because Diaz has not alleged she was an employee of AWL, CHL, or BNY Mellon, the statements in her affidavit with respect to those entities are not admissible. Chapman also maintains that Diaz, who is not an attorney, is not competent to testify. The District Court concluded that Ms. Diaz's affidavit satisfies the requirements of Federal Rule of Civil Procedure 56(c)(4). *See Chapman v. Bank of Am.*, No. 3-11-0504, 2012 WL 4090895, at \*2 (M.D. Tenn. Sept. 17, 2012).

As he argued before the district court, Chapman maintains there remains a genuine issue for trial. First, Chapman observes a lacuna in the Tennessee Secretary of State filing information which Diaz refers to in her affidavit. Chapman indicates that the filing states that Countrywide did not assume the name of AWL until February 10, 2008. Chapman argues that, as the Note and the Deed of Trust were executed on August 26, 2005, neither the public filing nor Diaz's affidavit shows that, at the time the Note and DOT were executed, Countrywide did business as AWL or that the Note or DOT were executed in favor of AWL. Chapman contends that this gap nullifies Diaz's testimony and creates an issue of material fact. The district court found, however, that "the Note and Deed of Trust were transferred to Defendant the Bank of New York Mellon, and the Bank of New York Mellon is entitled to enforce them." *Id.* Further, the district court found that "when BAC Home Loans Servicing, formerly known as Countrywide Home Loan Servicing, merged with and into

-4-

Defendant Bank of America, Defendant Bank of America became the mortgage servicing company for Plaintiff's Note and Deed of Trust." *Id.*

Second, Chapman argued before the district court and continues to argues that the Assignment of the Deed of Trust to BNY Mellon raises genuine issues for trial. He contends that the assignment of the Note to BNY Mellon violated the terms of the agreement governing the securitized mortgage loan trust of which BNY Mellon is the trustee and that this alleged violation nullifies the assignment of the note. Chapman indicates that BNY Mellon is the trustee of a securitized mortgage loan trust known as the CHL Mortgage Pass-Through Trust 2006-TMI, which was formed incident to the pooling of a series of mortgage loans to serve as partial collateral for a series of mortgage-backed securities known as CHL Mortgage Pass-Through Certificates Series 2006-TMI. Chapman notes that the Trust is governed, in part, by a Pooling and Servicing Agreement (hereafter "PSA"), which sets forth the manner by which mortgage loans were to be transferred into the securitized mortgage loan trust. According to Chapman, the transfer of mortgage loans into the Trust is governed by a section of this agreement providing that the original mortgage Note was to be delivered to the Trustee within thirty days of the closing date. Chapman alleges that the closing date of the Trust was March 17, 2006, and, thus, the latest that a mortgage loan could have been assigned to the Trust was April 17, 2006. Chapman then points out that the Assignment purported to transfer the loan to the Trust on July 19, 2011, five years after the alleged PSA deadline. Although Chapman is neither a party to nor a beneficiary of the PSA, he nevertheless argues that, under the terms of the PSA, the Assignment is null and, as such, there are genuine issues of fact as to whether the Banks have a legal interest in his mortgage. The district court rejected this

argument because Chapman "is not a party to the [PSA] and has no standing to challenge Defendants' compliance therewith." *Id.*

After thoroughly reviewing the record, the parties' briefs, and the applicable law, we conclude that the district court correctly decided the foregoing issues in a well-written opinion and order granting summary judgment for the Banks. The Banks met their initial burden of production by offering the sworn affidavit of a Bank of America Assistant Vice President and a copy of the Assignment of the Deed of Trust to BNY Mellon. Chapman fails to show that there remains a genuine issue for trial. Having determined that a panel opinion of this Court would serve no jurisprudential purpose, we therefore adopt the reasoning of the district court. *See id.* at *2–*3. On the basis of the district court's decision, we affirm.